Filed 11/14/22  P. v. Villa CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RAY VILLA,<br><br>  Defendant and Appellant. | 2d Crim. No. B316390<br>(Super. Ct. No. GA059672)<br>(Los Angeles County) |

Anthony Ray Villa appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95).[1]  He contends he is eligible for relief pursuant to Senate Bill No. 775 because he was convicted of attempted murder under the natural and probable consequences theory of liability.  We reverse and remand with instructions.

---

[1] All further statutory references are to the Penal Code.

*Facts and Procedural History*

In October 2005, a jury convicted appellant of attempted murder, attempted premeditated murder (§§ 664, 187, subd. (a)), kidnapping to commit robbery (§ 209, subd. (b)(1)), second degree robbery (§ 211), carjacking (§ 215, subd. (a)) and discharging a firearm from a vehicle (former § 12034, subd. (c)). On appeal, we affirmed the judgment. (*People v. Pacheco, et al.* (Oct. 9, 2008, B188797) [nonpub.].)

In March 2020, appellant filed a petition for resentencing pursuant to section 1172.6. The trial court summarily denied the petition because appellant was not convicted of murder, and section 1172.6 relief does not apply to attempted murder. In October 2021, appellant filed a second petition for resentencing. In a written order, the trial court again denied the petition because appellant was not eligible for relief.

*Discussion*

In 2018, the Legislature enacted Senate Bill No. 1437, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder . . . ." (Stats. 2018, ch. 1015, § 1, subd. (f); §§ 188, 189; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Section 1172.6 was enacted as part of Senate Bill No. 1437 "to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 843; *Lewis*, at p. 959.)

In October 2021, the Governor signed into law Senate Bill No. 775 (2021-2022 Reg. Sess.), which took effect on January 1, 2022. The new legislation amends subdivision (a) of section 1172.6 to read, in pertinent part: "[a] person convicted of . . . attempted murder under the natural and probable consequences

doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts . . . ." (Stats. 2021, ch. 551, § 2.)

Respondent concedes, in light of Senate Bill No. 775, the trial court erred by denying appellant's petition for resentencing "on the basis that attempted murder is not a qualifying offense under the statute." Respondent also agrees that remand is necessary because appellant's jury was instructed on the natural and probable consequences theory of liability.[2]

On these facts, appellant may establish a prima facie showing of eligibility for sentencing relief. (See *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007-1009; *Lewis, supra,* 11 Cal.5th at pp. 970-972 [where the record of conviction does not refute the claims of eligibility in the section 1172.6 petition, petitioner has made a prima facie showing for relief].)

Accordingly, we reverse the trial court's order summarily denying appellant's section 1172.6 petition and remand with directions to the trial court to appoint counsel and permit the parties to brief whether appellant has established a prima facie basis for relief. We express no opinion on whether the trial court should grant such relief.

---

[2] We grant respondent's request to take judicial notice of the clerk's transcript from appellant's direct appeal, which includes the instruction, CALJIC No. 3.02 [Principals -- Liability for Natural and Probable Consequences]. (See *People v. Pacheco, et al., supra,* B188797.)

DISPOSITION

The order denying appellant's section 1172.6 petition is reversed and the matter is remanded with instructions to appoint counsel for appellant and to proceed consistent with the pertinent provisions of section 1172.6, subd. (c).

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


BALTODANO, J.

4

Darrell Mavis, Judge
Superior Court County of Los Angeles
_____


Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.